UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENICE BACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-01136 |
| v. | ) |
| | ) |
| PHOENIX FINANCIAL SERVICES LLC and | ) |
| PENDRICK CAPITAL PARTNERS II, LLC, | ) |
| | ) Jury Demanded |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff, Venice Bacon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant sharing of false information regarding alleged debts with a third party. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

## PARTIES

1

5. Plaintiff, Venice Bacon ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a consumer debt allegedly owed for a defaulted EPMG of IL-Oak Park account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant Phoenix Financial Services LLC ("Phoenix") is an Indiana Limited Liability Company, maintains a registered office and agent in Illinois, located at C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

7. Phoenix is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Phoenix regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

9. Pendrick Capital Partners, LLC ("Pendrick") is a Illinois limited liability company that does business in Illinois. Its registered agent is C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

10. Pendrick is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

11. Pendrick maintains a website, available at pendrickcp.com.

12. Pendrick purchases medical debts, including "more than 75 million accounts with a face value in excess of $25 billion from numerous physician groups, hospitals and ambulance companies. About Us, pendrickcp.com (last visited February 26, 2021).

13. Medical debts are considered consumer debts as medical care is for personal and household purposes.

14. Pendrick's website states in part:



**What else?**

✓

**Compliance**

Pendrick maintains an environment of compliance and compassion. While we understand that consumers need to pay their debts, we regularly audit our agencies to ensure all collection activity is done in a way that is compliant with all state and federal regulations, as well as guidance from the CFPB and court decisions. By focusing on compliance we minimize any detrimental impact on your positive image, as well as unwanted calls to your facilities and physicians. All Pendrick agencies are subject to a rigorous selection process prior to ever receiving placements from us. Once on board, every agency must follow our Standard Operating Procedures, which have been created to balance performance with compliance and compassion.

15. Pendrick's principle purpose is the collection of debts and it is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

### FACTUAL ALLEGATIONS

16. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a EPMG of IL-Oak Park consumer account ("alleged debt"). The alleged debt is thus "debt" as that term is defined at § 1692a(5) of the FDCPA.

17. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

18. Pendrick subsequently purchased the alleged debt.

19. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, LLC., who, on April 8, 2018, sent a letter to Pendrick,

via its prior servicer, indicating that Plaintiff disputed the alleged debt. (Exhibit A, Dispute Letter).

20. Plaintiff's letter stated, in part, that the amount reported is not accurate.

21. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id.*

22. Pendrick responded to Plaintiff's dispute, indicating it received Plaintiff's dispute and was verifying the debt.

23. Thereafter, Pendrick placed the account with Phoenix for collection.

24. On or about January 2, 2021, Defendants communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including the balance, an account number and the date reported. (Exhibit B, Redacted Excerpt from Plaintiff's TransUnion Report).

25. Phoenix failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt, despite having acknowledged receiving Plaintiff's dispute sent via its prior servicer.

26. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

27. Phoenix failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debts to the credit reporting agency.

28. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

29. Phoenix materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

30. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

31. Defendant's collection efforts, including the damage to his credit score, cause negative emotions including general annoyance, aggravation, and other garden variety emotional distress.

32. Pendrick bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Phoenix. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016).

33. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I- FAIR DEBT COLLECTION PRACTICES ACT**

5

34. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

35. Defendants failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

  A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

  B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com